IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kyle M. Denham,

    Plaintiff,

    v.                                 Case No. 2:15-cv-2425

Commissioner of
Social Security,

    Defendant.

ORDER

    Plaintiff Kyle M. Denham brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits and supplemental security income.  In his October 31, 2014, decision, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of: major depressive disorder, not otherwise specified; bipolar I disorder; anxiety disorder, not otherwise specified; personality disorder with dependent and avoidant features; and a history of alcohol abuse. PAGEID 207.  The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform medium work with specified physical limitations, and specified that plaintiff's work be limited to unskilled work involving only routine and repetitive instructions and tasks in a low stress environment, with no production line or assembly line type of pace, no independent decision-making responsibilities, only minimal changes in daily work routine, no interaction with the general public, and no more than occasional interaction with coworkers and supervisors.  PAGEID 210.  The ALJ concluded that plaintiff was capable of performing available jobs in the national

economy, and that he was not disabled. PAGEID 214-15. This matter is before the court for consideration of plaintiff's July 22, 2016, objections to the July 8, 2016, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

A. Opinion of Nurse Practitioner Marsha Lewis

Plaintiff objects to the ALJ's consideration of the opinion of Nurse Practitioner Marsha Lewis, who saw plaintiff on a regular basis for treatment. Lewis is not an "accepted medical source" as defined in SSR 06-3p, 2006 WL 2329939 at *1 (S.S.A. Aug. 9, 2006). Rather, as a nurse practitioner (a medical source who is not an "acceptable medical source" such as a licensed physician), her opinion falls within the category of "other source" evidence. *Id.* at *2. Such evidence "cannot establish the existence of a medically determinable impairment." *Id.* However, "information from such 'other sources' ... may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* SSR 06-3p further provides:]

> Since there is a requirement to consider all relevant evidence in an individual's case record, the case record should reflect the consideration of opinions from medical sources who are not "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity. Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-3p, 2006 WL 2329939 at *6.

Lewis's opinion consists of a check-box form signed on October 2, 2013, on which it was indicated that plaintiff had moderate limitations in social interaction, concentration, persistence, and adaptation. PAGEID 513-515. The notes of Nurse Jo Copeland dated

3

that same day indicate that Copeland and plaintiff completed this form, which was then forwarded to Lewis to review and cosign. PAGEID 557. The ALJ considered this evaluation, noting that it reported that plaintiff had moderate impairment in all areas. PAGEID 211, 213. The ALJ stated, "While this report is not from an acceptable medical source, and cannot be afforded medical weight, it does appear quite reliable and consistent with other objective medical evidence of record." PAGEID 213.

Plaintiff argues that the ALJ erred in finding that plaintiff was not disabled in light of the ALJ's statement that Lewis's evaluation was "reliable and consistent with other objective medical evidence of record." In small print, the evaluation form defined a "moderate" impairment as "[u]nable to function in this area from 11% to 25% of the work day or work week." PAGEID 513. Plaintiff relies on the vocational expert's testimony that plaintiff could not maintain competitive employment if off task for up to 25% of the work day or work week, which he argues corresponded with the definition of "moderate" impairments on Lewis's evaluation form.

The magistrate judge concluded that there was no conflict in the ALJ's decision. The magistrate judge noted that the word "moderate" is normally defined in social security cases as describing a limitation that is not work preclusive and that allows the individual to function satisfactorily. *See* Doc. 20, pp. 17-18 (citing *Ziggas v. Colvin*, No. 1:13-cv-87, 2014 WL 1814019 at *6 (S.D. Ohio May 6, 2014) and *Lacroix v. Barnhart*, 465 F.3d 881, 888 (8th Cir. 2006)). The magistrate judge found that the ALJ's finding of moderate impairments is consistent with Lewis's opinion

4

that plaintiff was moderately impaired in his ability to perform sustained work activities, assuming that the term "moderately" is accorded its traditional definition.

This court agrees. There is no indication in the ALJ's decision that the ALJ used the term "moderate" in the more restrictive sense of the form's definition. The ALJ did not refer to the definition, nor did he find that plaintiff had any impairment which was more severe than "moderate" as that term is traditionally defined. Considering the entirety of the ALJ's decision, it appears that he agreed with the "moderately" impaired findings in Lewis's evaluation and referred to the evaluation as "reliable" only because he construed the term "moderately" in accordance with the usual meaning of that term in social security cases. This conclusion is supported by the ALJ's decision to accord great weight to the reports of the state agency consultants who had "an understanding of the disability programs" and some weight to the evaluation of David R. Bousquet, M.Ed. *See* PAGEID 213. These reports documented "moderate" impairments in the traditional social security sense. The ALJ also discussed plaintiff's treatment records, those being "objective medical evidence." The ALJ noted that these reports indicated that plaintiff's symptoms were well controlled with medication, that plaintiff was not always compliant with his treatment regimen and skipped appointments, and that plaintiff's statements concerning the intensity, persistence and limiting effects of his mental symptoms were not entirely credible for reasons explained by the ALJ. PAGEID 211-13. The ALJ's reasoning supports only a finding of "moderate" limitations as that term is customarily used in social security cases.

Plaintiff further argues that the ALJ's statement about not affording Lewis's opinion "medical weight" violated SSR 06-3p, which permits the ALJ to assign weight to opinions from medical sources who are not "accepted medical sources."  It is not clear what the ALJ meant when he stated that Lewis's report could not be given "medical weight."  If the ALJ meant that the report, which he recognized as not being from an "acceptable medical source," need not be given the weight accorded to the opinions of "acceptable medical sources," then his statement was correct.  If he meant that he could not assign any weight to the report of a medical practitioner who was not an "acceptable medical source," then that statement was not accurate under SSR 06-3p.

Even if the ALJ's statement was erroneous, this court concludes that the ALJ substantially complied with SSR 06-3p.  The ALJ's opinion contains a sufficient discussion of the record to permit review of the ALJ's decision and his reasoning.  It is apparent from the ALJ's decision that he did in fact consider the treatment notes of Lewis and the evaluation she signed, as required under SSR 06-3p.  Further, the fact that the ALJ described Lewis's evaluation findings of moderate impairments as being "reliable and consistent with other objective medical evidence of record" and included  restrictions in plaintiff's RFC to address those moderate limitations suggests that the ALJ did assign some weight to the evaluation to an extent consistent with his understanding of the meaning of the term "moderate."

The magistrate judge also correctly found that any error in the ALJ's consideration of Lewis's evaluation was harmless because the check-box form was so patently deficient that the Commissioner could not possibly credit it.  *See Wilson v. Comm'r of Soc. Sec.*,

6

378 F.3d 541, 547 (6th Cir. 2004)(noting in the context of the good-reason rule for treating physician opinions that the failure to follow the requirements of the rule can be harmless error if the treating source's opinion is so patently deficient that the Commissioner could not possibility credit it).

The Sixth Circuit has cast doubt on the usefulness of check-box forms where the physician fails to give any explanation for his findings. *See Hernandez v. Comm'r of Soc. Sec.*, No. 15-1875, 2016 WL 1055828 at *4 (6th Cir. Mar. 17, 2016)(ALJ's erroneous consideration of treating physician's check-box analysis was harmless error where the form was unaccompanied by any explanation and was "weak evidence at best" that "meets our patently deficient standard"); *Carreon v. Massanari*, 51 F.App'x 571, 574 (6th Cir. 2002)(ALJ may properly ignore statements of treating physicians that are conclusory and unsupported by the objective medical record); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997)(treating physician's mere documentation of impairments was not sufficient to support his opinion that claimant could not perform past job).  Here, Lewis reviewed a conclusory check-box form completed by another nurse and signed it with no explanation of her reasoning, identification of objective criteria, or reference to medical records which would support her findings.

The magistrate judge also correctly concluded that the form was deficient due to its use of impairment ratings definitions which were inconsistent with the commonly understood meaning of those terms in social security cases.  The magistrate judge observed that none of the form's restrictive definitions would permit a finding of "mild" or "moderate" impairments as commonly

7

understood by social security evaluators because even a "mild" impairment is defined as the complete inability to function for up to 10% of the work day or work week. *See* Doc. 20, pp. 18-19; PAGEID 513. This court also notes that because Lewis included no explanation on the form as to the reasons for her findings, there is no way of knowing that even she was aware of the more restrictive definition of "moderately" described on the form.

Plaintiff argues that the Commissioner and the magistrate judge engaged in improper *post hoc* rationalization in explaining their harmless error reasoning and in discussing how substantial evidence supported the ALJ's decision. However, at this stage of the proceedings, any discussion of the ALJ's decision is a *post hoc* discussion. This is not a case where the ALJ failed to adequately explain his reasoning and the Commissioner tried to fill in the blanks. The Commissioner did not engage in an impermissible *post hoc* justification of agency action by invoking the harmless error rule and pointing to substantial evidence in the record which supports the ALJ's conclusions. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012). Likewise, the magistrate judge did not err in pointing to substantial evidence in the record which supported the ALJ's decision, as this court's review of the Commissioner's finding must be based on the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

Any error in the ALJ's consideration of Lewis's evaluation was harmless, and plaintiff's objections concerning the ALJ's discussion of Lewis's opinion are denied.

B. Opinion of David Bousquet, M.Ed.

For the first time in these proceedings, plaintiff challenges

the weight which the ALJ gave to the opinion of consultative examiner Bousquet.  Because plaintiff did not raise this claim in his statement of errors before the magistrate judge, he has waived it.  *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010)(claim raised for the first time in an objection to the magistrate judge's report is deemed waived); *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000)(a social security claimant must present all claims squarely to the magistrate judge to preserve them for review).  Therefore, the court will not address this objection.

III. Conclusion

The court concludes that the Commissioner's non-disability finding is supported by substantial evidence.  For the reasons stated above, the court overrules the plaintiff's objections (Doc. 21), and adopts and affirms the magistrate judge's report and recommendation (Doc. 20).  The decision of the Commissioner is affirmed, and this action is dismissed.  The clerk is directed to enter final judgment in this case.

It is so ordered.

Date: August 29, 2016          s/James L. Graham
                               James L. Graham
                               United States District Judge

9